SARAH H. DELA vs. EDWIN L. STANWOOD and others.

*Mortgagee must account to dowress for all profits received while in possession.*

Where the widow of a mortgagor institutes proceedings in equity to redeem
the mortgage, in order that she may be let in to her dower, the mortgagee
is liable to account to her for the rents and profits received from the date of
his entry into the possession of the premises under the mortgage sought to
be redeemed; not merely from the time that an account is first demanded
of him by the dowress.

ON FACTS AGREED.

BILL IN EQUITY, brought by the widow of the late Lewis Dela,
to redeem from 'two mortgages, held by the respondents, certain
premises in Portland, that she might be let in to dower therein.
The first of these mortgages, given by John Dela, the father of
Lewis, to Josiah Pennell, embraced an undivided half of the land;
the second, from Lewis Dela to Neal Dow, covered the whole
estate. The respondents, in their answers, denied the complain-
ant's right to dower, setting up in bar thereto, an absolute deed
from herself and husband to Jabez C. Woodman, and stating that
their possession of the premises was under this deed, through
mesne conveyance to one Thayer, who mortgaged the same to
them; also, that the mortgages to Pennell and to Dow had been
foreclosed. The court found Mrs. Dela barred by the foreclosure
proceedings as to that half of the property included in the Pennell
mortgage, but entitled to redeem from the Dow mortgage, because
the notice of foreclosure was defective, and the deed to Woodman
was executed by her while a minor, and before the statutes author-
ized an infant married woman to bar dower by joining in her hus-
band's deed. The case was sent to a master to state the account.
See 61 Maine, 51.

At the April term, 1873, the parties agreed to waive any report
from the master, and to submit to this court upon the facts appear-
ing upon the bill, answers and proof, and in the additional state-

ment then made, to decide whether any, and if so what, sum was to be paid by Mrs. Dela in order to redeem her dower in an undivided half of the premises. She made her demand for an account upon Mr. Stanwood, May 31, 1867, and upon the other defendant June 3, 1867. The amount of the Dow mortgage, with the interest accrued thereon, was, on the second day of January, 1873, two thousand seven hundred and forty-one dollars and twenty cents. If the respondents were to account for rents and profits for the time the titles to all the mortgages, and the right of redeeming the premises therefrom, were acquired by them, viz.: October 23, 1863, then the Dow mortgage is fully paid; but if the defendants were to account for rents and profits only since the demand for an account, there would remain due on said mortgage, on the second day of January, 1873, the sum of nine hundred and fifty-two dollars and thirty-eight cents. The defendants took possession of the premises October 7, 1863, but the Dow mortgage was not assigned to them till the tenth day of October, 1863.

*Butler & Fessendens,* for the complainant.

Two points the court have settled: First, That Mrs. Dela is entitled to her dower; Second, That the respondents must account upon the Dow mortgage for half the net profits of the premises. This liability to account must commence October 10, 1863, when the Dow mortgage was assigned to the respondents, then in possession of the premises. All the titles obtained by the defendants are under mortgage deeds assigned to them within a few days of each other, as part of one transaction, this Dow mortgage being the eldest and prevailing title to this half in which dower is now claimed. For whatever purpose the defendants entered, they must be considered as in under this mortgage. *Gibson v. Crehore,* 5 Pick., 157 and 159; *Saunders v. Frost,* Id., 273.

There is no other point of departure from which the rents and profits can be reckoned. Certainly, not from the date of demand, as that presupposes a reception of them; nor from the date of the decree, for the same reason. The liability commences when they were first in possession under the mortgage; or, what amounts to

Dela *v*. Stanwood.

the same thing, when they were first in possession, owning the mortgage. "The question is, what is due on the mortgage?" *Gibson v. Crehore*, 5 Pick., 158.

The complainant is entitled to full relief in this court; that is to say, to an assignment of dower, with damages for its detention, from the date of her demand of an account. 4 Kent's Com., 71; 1 Story's Eq. Jur., c. 12; *Curtis v. Curtis*, 2 Brown's Ch., 620; *Swaine v. Perine*, 5 John's Ch., 482; *Bell v. Mayor of New York*, 10 Paige's Ch., 70; *Wood v. Wallace*, 30 N. H., 484; *Herbert v. Wren*, 7 Cranch, 370; *Woodman v. Freeman*, 25 Maine, 531. Demand for an account and offer to redeem are equivalent to a demand for dower. Damages for its detention should then commence. *Bell v. Mayor of New York*, 10 Paige's Ch., 74, 75. The respondents' solicitor confounds our right to an account, with our claim for damages for the detention of dower.

*William L. Putnam*, for the respondents.

The court has found our title absolute, under the Pennell mortgage, to one undivided half of the premises. That throws the whole of the Dow mortgage upon the other half, in which the complainant is entitled to dower. She must pay all there is due on that mortgage. *Wing v. Ayer*, 53 Maine, 138; *Simonton v. Gray*, 34 Maine, 50. How much is due? Must she pay the whole amount of the notes and interest? or is she entitled to have the rents and profits deducted? If the latter, from what time are they to be deducted; from our first entry into possession, or from the date of her demand? There were no relations to compel us to account to Mrs. Dela before demand, for two reasons. First, A demand is necessary by statute to give her any interest in the rents and profits, except when the husband dies seized. R. S., c. 103, § 21; *Bolster v. Cushman*, 34 Maine, 428. Until then she has a mere right, and no estate. *Purinton v. Pierce*, 41 Maine, 532. In *Gibson v. Crehore*, 5 Pick., 147, the husband died seized. If, then, any other tenant of land conveyed by the husband is not holden to account for rents and profits till demand, the rights of the widow are not enlarged by the fact that we are tenants who

Dela v. Stanwood.

have been compelled to purchase a mortgage against which her husband should have protected us. Her rights to rents and profits depend upon her own title and acts, and have no logical connection with the nature of our title, unless we derived it from her husband's heirs.

Second. The answer denies that we have ever been in possession under the Dow mortgage. This is in no way disproved. Hence, we are under no equitable obligations to the complainant. *Pitts v. Aldrich*, 11 Allen, 40. We say, therefore, she must pay to redeem, $952.38, being the amount due upon the mortgage less the rents and profits since her demand, if she is entitled to any deduction. The court, in *Simonton v. Gray*, 34 Maine, 51, recognized this doctrine, directing an ascertainment of the amount due "at the date of the demand of dower."

RESCRIPT.

This is a bill to redeem a mortgage brought by the widow of the mortgagor against the assignees of the mortgagees. The only question presented is: "When did the respondents become liable to account for rents and profits?" The answer admits that they took possession October 7, 1863, and received the rents from that date; and that upon the tenth day of October, 1863, they received the assignment of the Dow mortgage, which is sought to be redeemed by this bill; *held*, that, although the complainant's husband did not die seized, the respondents should account for rents and profits from October 10, 1863. *Decree accordingly.*